IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| CHRISTOPHER BALDWIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 09-0085-CV-W-HFS |
|  | ) |  |
| INTERNATIONAL ASSOCIATION | ) |  |
| OF MACHINISTS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**ORDER**

Various motions are pending. Plaintiff filed a motion to strike defendant's notice of deposition subpoena duces tecum of Peter Lyskowski, records custodian for the Missouri Division of Workers' Compensation. (ECF doc. 59). Defendant opposes the motion, stating that it was rendered moot by the cancellation of the deposition at issue. The motion will thus be denied as moot. Next, plaintiff filed a motion to obtain a video of his deposition. (ECF doc. 60). He contends that the cost of the video is out of his "financial range." He states that he wants to the video to show that he was "in total compliance in answering all questions" at the deposition. Defendant opposes the motion, arguing that plaintiff's in forma pauperis status does not entitle him to a free copy of the video paid for by the court. The court agrees with defendant. Moreover, the court is not currently requiring plaintiff to demonstrate compliance with questioning. Thus, the motion will be denied.

Defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 37(b)(2), for willful failure to comply with court orders on discovery. (ECF doc. 67). Defendant contends that plaintiff provided inadequate responses to written discovery, was "evasive and combative" during his deposition and failed to follow the court's discovery orders, all of which have prejudiced

defendant. Plaintiff opposes the motion, stating that he did "everything humanly possible" to comply with the court's discovery orders pertaining to written discovery and "made an effort to answer every question that was asked" during the deposition. A review of the record demonstrates that parties have had significant disputes in the discovery process and that plaintiff has not been a model of cooperation. That said, the court finds that the sanction of dismissal is an extraordinary remedy and is not warranted at this time. As a result, defendant's motion to dismiss will be denied.

Also pending is plaintiff's motion for summary judgment. (ECF doc. 70). Given the incomplete state of defendant's discovery (due in large part to plaintiff's inadequate written discovery responses), defendant sought and received three extensions of time to file its summary judgment motion. In response to the third extension request, Judge Kays stayed the case until pending motions could be ruled. That stay has remained in place, so defendant has been unable to file its summary judgment motion. The court's preferred practice is to consider and rule on parties' opposing summary judgment motions at the same time, as it promotes fairness and consideration of all arguments. To that end, the court will deny plaintiff's motion for summary judgment at this time without prejudice. The motion will be automatically reconsidered (without need of refiling) once defendant's motion for summary judgment is on file and fully briefed.

Plaintiff filed a motion for in camera review, relating to an audio recording of his "third step grievance meeting" on May 12, 2008. (ECF doc. 92). The court granted defendant's previously filed motion for in camera review of the same audio recording (ECF doc. 95), and plaintiff then submitted the audio recording to the court (ECF doc. 98). Therefore, this motion will be denied as moot. Lastly, plaintiff also filed a motion for leave to file out of time his response or objections to defendant's list of all documents it needs to prepare for deposition. (ECF doc. 97). Plaintiff's

response was due by March 3, 2010, and he filed the motion for leave the next day. Defendant opposes the motion, arguing that plaintiff's delay was intentional. Ultimately, plaintiff filed his response to defendant's list on March 15, 2010. Although the court does not condone plaintiff's tardiness, the motion for leave will be granted.

The court is in the process of sorting out the status of defendant's outstanding written discovery, which was served last year and has been the subject of two telephone conferences with Judge Kays, due to plaintiff's failure to provide substantive, complete responses. The court is reviewing defendant's documentary request in anticipation of the continued deposition of plaintiff (ECF doc. 86), as well as plaintiff's response (ECF doc. 102). A forthcoming order will address and resolve the outstanding discovery issues. Until that order is entered, all proceedings in the case will remain stayed.

Accordingly, it is hereby

ORDERED that plaintiff's motion to strike (ECF doc. 59) is DENIED as moot. It is further

ORDERED that plaintiff's motion to obtain video of his deposition (ECF doc. 60) is DENIED. It is further

ORDERED that defendant's motion to dismiss plaintiff's complaint pursuant to Rule 37(b)(2) (ECF doc. 67) is DENIED. It is further

ORDERED that plaintiff's motion for summary judgment (ECF doc. 70) is DENIED without prejudice and will be reconsidered (without need of refiling) once defendant's motion for summary judgment is on file and fully briefed. It is further

ORDERED that plaintiff's motion for in camera review (ECF doc. 92) is DENIED as moot. It is further

ORDERED that plaintiff's motion for leave (ECF doc. 97) is GRANTED. It is further

ORDERED that the stay of all proceedings shall remain in place, pending the court's forthcoming order on outstanding discovery matters.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September  2 , 2010

Kansas City, Missouri